### BATCHELDER & a. v. FOTTLER.

The change in the homestead laws by the revision of 1867 (Gen. St., *c.* 124,
*s.* 1) did not repeal the provision for a homestead to a widow in her hus-
band's estate against his heirs, but preserved the right in all cases against
heirs as well as creditors and grantees of her husband, so long as she
might occupy the premises as a homestead. *Spaulding's Appeal*, 52
N. H. 336, overruled.

REAL ACTION, by the heirs of Newton B. Batchelder, who died April 19, 1868, against his widow, for land occupied by and set off to her by the probate court as a homestead in her husband's real estate. The estate was solvent, and the land was not required for the payment of the debts. The plaintiffs claim that the change in the homestead laws by the revision of 1867 (Gen. St., *c.* 124, *s.* 1), and in force from January, 1868, until the amendment of July 4, 1868, repealed the existing provision for a widow's homestead against her husband's heirs, and that the widow of one dying between those dates was entitled to no homestead except against her husband's creditors and grantees.

*A. L. Mellows*, for the plaintiffs.

*J. W. Towle*, for the defendant.

ALLEN, J. The "Homestead Act," passed in 1851 (Laws 1851, *c.* 1089), exempted a family homestead of the head of each family from attachment and levy upon execution, and provided that "it should not be assets in the hands of the administrator for the payment of debts, nor subject to the laws of distribution and devise, so long as the widow, minor children, or any or either of them shall occupy the same." In the revision of 1867, which went into effect January 1, 1868, as the General Statutes, it was provided that "the wife, widow, and children of every person, who is the owner of a homestead or any interest therein . . . shall be entitled to a homestead against the creditors and grantees of such debtor, . . . for and during the life of such wife and widow and the minority of such children. Gen. St., *c.* 124, *s.* 1. The provision in the former statute, that the homestead should not be assets for the payment of the husband's debts, nor subject to the laws of distribution, was omitted in *c.* 124 of the General Statutes; but in *c.* 183, *ss.* 7, 8, 9, 11, and 12, giving the widow her share in her deceased husband's estate, it was specially provided that such share should be in addition to her dower and homestead; and in *c.* 184, *s.* 1, relating to a division of the real estate among the heirs, provision was made that it should be subject to the homestead rights of the wife and minor children. Adopting the common and well known rule, in the construction of statutes, of considering all the statutes upon the same subject together, and giving force to each one and to all parts of each, the natural if not inevitable conclusion is that the legislature intended, in the revision of 1867, to preserve to the widow her right of homestead against heirs as well as creditors and grantees of the husband. In *c.* 124 the right was given to the wife against creditors and grantees of the husband in his life-time, and in *cc.* 183, 184, the right was continued to the widow in the homestead of the deceased husband, and this could be effective only by making it superior to the claims of the heirs. By

giving the homestead right to the widow in the statute of distribu-
tions and providing there for its assignment, it was unnecessary to
expressly provide for it in the chapter relating mainly to the as-
signment of a homestead against judgment creditors, and the legis-
lature could not have intended to repeal the provision for a so
important property right as the widow before enjoyed, or cut it
short by a limitation to a right against creditors and grantees only,
without express words indicating that intention. It was not
repealed by an omission of the provision in one chapter and an
express grant of it in another.

Conspicuously inequitable and absurd results would follow if
the construction of the statute claimed by the plaintiffs were
adopted. The widow might receive more from an estate hope-
lessly insolvent than from one abundantly solvent. She would
receive a homestead in the former case at the expense of unpaid
creditors, and none in the latter, however extensive the home
premises might be. The right of the widow being superior to that
of the creditors, and the right of the heirs superior to that of the
widow, she would take a homestead against the creditors, and, on
the death of the husband, the heirs would take it from her. But
the creditors, being entitled against the heirs, would in turn take it
from them, and so there would arise a continuous circle of fruitless
and endless legal procedure, each successive step overturning what
had been established by the preceding one, to be itself overturned
by the next one to follow, and making for no one a title to be ben-
eficially enjoyed. It could not have been intended that the law
should operate in that way. The construction of the homestead
laws, as amended by the General Statutes, contended for by the
plaintiffs and upheld by the case of *Spaulding's Appeal*, 52 N. H.
336, cannot be sustained. Those statutes, by a reasonable inter-
pretation, gave the defendant a right of homestead in her hus-
band's estate against the plaintiffs during her natural life. The
probate court having jurisdiction of the matter, and having set off
to her a homestead from which no appeal was taken, the plaintiffs
are concluded by that judgment and cannot maintain their action.

*Judgment for the defendant.*

DOE, C. J., did not sit: the others concurred.